**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| TAGGET WILLIAMS,           )<br>Reg. No. 12175-017,           )<br>                                         )<br>       Petitioner,               )<br>                                         )<br>v.                                      )       Case No. 2:21-cv-516-MHT-CWB<br>                                         )<br>ALAN COHEN,                 )<br>                                         )<br>       Respondent.           ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     Introduction**

Petitioner Tagget Williams filed the pending petition for writ of habeas corpus under 28 U.S.C. § 2241 to request that 90 days of time credit be applied to his term of supervised release. (Doc. 1 at p. 7). According to Williams, his completion of a Transitional Drug Abuse Treatment Program entitles him to such credit under the First Step Act of 2018, PL 115–391, December 21, 2018. (*Id.*). The sole named respondent is Alan Cohen (*see* Doc. 1), who is the warden at the Federal Prison Camp in Montgomery, Alabama (*see* Doc. 1 at p. 1 & Doc. 10 at pp. 1, 6). For the reasons set out below, the Magistrate Judge concludes that Williams' § 2241 petition should be dismissed without prejudice for lack of jurisdiction or, alternatively, denied with prejudice on the merits.

**II.    Factual Background**

Williams entered a guilty plea in the United States District Court for the Eastern District of Louisiana on a charge for conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). *See United States v. Williams,* 2:17-cr-219-CJB-MBN (E.D. La. Nov. 17, 2017). The Eastern District of Louisiana

1

sentenced Williams to a mandatory-minimum, 10-year term of imprisonment but subsequently reduced the term to 62 months—resulting in a calculated release date of April 9, 2022—to be followed by a 5-year term of supervised release. (*See id.*).

Williams was incarcerated at the Federal Prison Camp in Montgomery, Alabama until September 10, 2020. (*See* Docs. 10-1 at p. 2 & 10-2 at p. 1). He thereafter was placed with the Birmingham Residential Reentry Center until October 29, 2020, at which time he was placed on home confinement. (*Id.*). On April 9, 2021, however, Williams began his supervised release term. (*See* Doc. 10-1 at p. 2, ¶ 8 & Doc. 10-3). Pursuant to 18 U.S.C. § 3621(e), Williams' release from the Bureau of Prisons was permitted a year earlier than scheduled due to his successful completion of a qualifying Residential Drug Abuse Program. (Docs. 10-1 at p. 3, ¶ 9).

### III. Discussion

#### A. Jurisdiction is lacking in this court.

Williams' challenge is properly characterized as a petition under § 2241. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."); *see also United States v. Roberson*, 746 F. App'x. 883, 885 (11th Cir. 2018) (citing *Antonelli*, 542 F.3d at 1351-52). And it is well established that "Section 2241 petitions must be brought in the district court of the district where the prisoner is incarcerated, <u>and any other district court lacks jurisdiction over the petition</u>." *United States v. Ellis*, 814 F. App'x 474, 476 (11th Cir. 2020) (citing *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)) (emphasis added).

When a petitioner is on supervised release and challenges the length of the release period, a § 2241 petition thus can be filed only in the supervising district. That is because habeas corpus "contemplate[s] a proceeding against some person who has the *immediate custody* of the party

detained, with the power to produce the body of such person before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (emphasis in original) (citation omitted); *see also* 18 U.S.C. § 3624(e) (stating that a prisoner is placed onto supervised release under "the supervision of <u>the probation officer</u>") (emphasis added). The issue was recently examined by another court within this circuit as follows:

> "Section 2241 petitions must be brought in the district court of the district where the prisoner is incarcerated, and any other district court lacks jurisdiction over the petition." *United States v. Ellis*, 814 F. App'x 474, 476 (11th Cir. 2020) (citing *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)). *See also, Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (a § 2241 petition must be brought in the jurisdiction of incarceration). "This rule applies equally where a petitioner challenges a term of supervised release, and requires that the petitioner file the petition in the district in which he is supervised." *United States v. Brown*, 2023 WL 1927819, at *1 (S.D.N.Y. Feb. 10, 2023) (citing *Sandy v. United States of America*, 2023 WL 1463386, at *1 (3d Cir. Feb. 2, 2023) (unpublished) ("As for the proper district, we agree with the Government that [petitioner's] [Section] 2241 petition must be adjudicated in the district where he will reside and serve his term of supervised release.")). *See also, United States v. Dohrmann*, 36 F. App'x 879, 881 (9th Cir. 2002) (a petitioner "may bring a § 2241 habeas petition only in the district court that has personal jurisdiction over his current custodian[,]" and the "supervised release administrator" is the custodian where the petitioner is on supervised release when he files his petition) (citations omitted); *Kills Crow v. United States*, 555 F.2d 183, 189 n.9 (8th Cir. 1977) ("2241 jurisdiction exists only if the District Court has jurisdiction over the petitioner's custodian.").
>
> Because Petitioner was on supervised release when he filed his § 2241 petition, he is serving his term of supervised release in Missouri, and the administrator of his supervised release resides in Missouri, this Court lacks jurisdiction over the petition. The proper forum is the United States District Court for the Eastern District of Missouri.

*Roberts v. United States*, No. 8:23-cv-849-CEH-TGW, 2023 WL 4598167, *1 (M.D. Fla. July 18, 2023).

Cohen asserts that Williams had "moved to the Northern District of Georgia" and was being supervised in that district at the time his § 2241 petition was filed. (*See* Doc. 10 at pp. 2, 6). For his part, Williams contends that "I was on home confinement under the custody of the BOP in

3

the Middle District of Alabama, when I filed the writ of habeas corpus motion." (*See* Doc. 15 at p. 1). Although Williams indeed was on home confinement at the time he filed a highly similar § 2241 petition in December 2020 (*see* 2:21-cv-549-RAH-CSC), the record is abundantly clear that Williams was later released from home confinement on April 9, 2021—well prior to his filing of the subject § 2241 petition in August 2021. (*See* Doc. 10-1 at p. 2, ¶ 8, Doc. 10-2 at pp. 2-3, & Doc. 15 at p. 8). The record is conclusive that Williams had begun serving his term of supervised release at the time his § 2241 petition was filed, yet Williams has been silent as to where he was residing and being supervised. (*See generally* Doc. 15). Whether Williams was being supervised in the Northern District of Georgia as alleged by Cohen or in the Northern District of Alabama at the return address for his § 2241 petition (*see* Doc. 1 at p. 10), Cohen would not be the proper respondent and this court would not have jurisdiction.[1]

**B.     First Step Act time credits cannot shorten a period of supervised release.**

Even if jurisdiction were proper, the undersigned would conclude that the language of 18 U.S.C. § 3632(d)(4)(C) does not permit a supervised release term to be reduced through the application of time credits. Although the Eleventh Circuit has not spoken to the issue, other courts regularly have concluded that neither the First Step Act nor its corresponding regulations authorize such a reduction. In *United States v. Calabrese*, for example, the court reasoned that § 3632(d)(4)(C) "allows a prisoner to either complete the service of their sentence in prerelease custody or complete their term of supervised release at an earlier date by transferring the prisoner to supervised release at an earlier date" but "does not allow a prisoner to reduce the imposed length of supervised release." No. 1:11-CR-437, 2023 WL 1969753, *3 (N.D. Ohio Feb. 13, 2023)

---

[1] Substitution of the proper respondent and transfer to another district might be warranted in different circumstances, but Williams' failure to identify his custodian and place of supervision now renders such relief impracticable.

4

(citing *Harrison v. Fed. Bureau of Prisons*, No. CV 22-14312, 2022 WL 17093441, *1 (S.D. Fla. Nov. 21, 2022)). The court specifically focused on the word "toward" as used in § 3632(d)(4)(C), *i.e.*, time credits should be applied <u>toward</u> a term of supervised release—meaning "credits can be applied to bring 'time in prerelease custody or supervised release' closer to occurring because credits applied 'toward' something generally means to bring that something closer to happening." *Id*. at *2 (citing Black's Law Dictionary (11th ed. 2019) (defining "toward," in relevant part, as "in the direction of; on a course or line leading to (some place or something)")). Other courts have issued similar decisions. *See, e.g., Harrison*, 2022 WL 17093441 at *1 (finding that "[b]ased on the plain text of the statute, FSA credits cannot be used to shorten a term of supervised release. Rather, the credits can only be used to allow early transfer to supervised release."); *United States v. Scriven,* No. 5:16-CR-174-IBO, 2023 WL 5811250, *1 (E.D. N.C., Sept. 7, 2023) ("[A] defendant is not entitled to apply his additional [FSA] time credits to reduce his term of supervised release because the statute does not allow it.") (quotation marks and citation omitted); *Berry v. Gabby*, No. 4:23CV121/LAC/MAL, 2023 WL 6798869, *4 (N.D. Fla. Sept. 15, 2023) ("Based on the plain text of 18 U.S.C. § 3624(g)(3), FSA credits cannot be used to shorten a term of supervised release."), *report and recommendation adopted*, No. 4:23CV121-MW/MAL, 2023 WL 6794978 (N.D. Fla. Oct. 13, 2023); *Sila v. Warden*, No. EDCV221632RSWLAS, 2023 WL 2504476, *2 (C.D. Cal. Feb. 13, 2023) ( "The First Step Act requires the BOP to transfer inmates to prerelease custody or supervised release when such inmates become eligible based on earned time credits under the Act …, but it does not provide for a reduction of supervised release terms, and the BOP is not authorized to reduce such terms."), *report and recommendation adopted*, No. EDCV2201632RSWLAS, 2023 WL 2504989 (C.D. Cal. Mar. 13, 2023); *see also Goggans v. Jamison*, No. 1:23-CV-03645-GHW, 2023 WL 7389136, *2 (S.D.N.Y. Oct. 13, 2023), *Goldblatt*

*v. Ortiz*, No. CV 20-19987 (NLH), 2022 WL 1639007, *2 (D.N.J. May 24, 2022), and *Zimmer v. Marske*, No. 21-CV-284-JDP, 2022 WL 4016623, *1 (W.D. Wis. Sept. 2, 2022). Here, the undersigned agrees with the numerous courts to have concluded that there simply is no statutory or regulatory authority for applying First Step Act time credits to a term of supervised release.[2]

Nor could the length of Williams' supervised release be modified on the alternate theory that he served 90 days longer in custody than he would have served had time credits been applied. Even if it affirmatively were established that Williams should have been released earlier than April 9, 2021, the United States Supreme Court has held that a term of supervised release cannot be reduced "by reason of excess time served in prison." *United States v. Johnson*, 529 U.S. 53, 60 (2000); *accord United States v. Peters*, 856 F. App'x. 230, 233 (11th Cir. 2021) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release because [s]upervised release has no statutory function until confinement ends.") (quoting *Mont v. United States*, 587 U.S. 514 (2019)); *see also Defoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005) (noting that a term of supervised release cannot be shortened due to excess incarceration).[3]

---

[2] The undersigned recognizes that there is not unanimity on the issue. *See Dyer v. Fulgham*, No. 1:21-CV-299-CLC-CHS, 2022 WL 1598249, *3 (E.D. Tenn. May 20, 2022) (concluding that "the unambiguous, mandatory language of the statute provides that earned-time credits may be applied to a term of supervised release"); *but see Shiflet v. Yates*, No. 2:22-cv-161-BSM-PSH, 2023 WL 2817333, *3 (E.D. Ark. Feb. 9, 2023) (finding that *Dyer* "is unpersuasive and should not be followed"), *report and recommendation adopted*, No. 2:22-cv-161-BSM, 2023 WL 2813877 (E.D. Ark. Apr. 6, 2023); *Pillow v. Bureau of Prisons*, No. 4:22-cv-00713-PSH, 2022 WL 13892877 (E.D. Ark. Oct. 21, 2022) (declining to follow *Dyer*). Nonetheless, a proposed rule by the Bureau of Prisons provides bolstering support for the interpretation that time credits may be applied to achieve an early transfer to supervised release but <u>not</u> to reduce the actual release term. *See* 85 Fed. Reg. 75268.

[3] Because the undersigned would recommend a denial of the § 2241 petition on the merits, it would not be necessary to reach arguments that it should be denied due to Williams' alleged failure to exhaust administrative remedies (*see* Doc. 10 at p. 7) or due to Williams' having received a

6

**IV.    Conclusion**

Accordingly, the Magistrate Judge **RECOMMENDS** that the pending § 2241 petition (Doc. 1) be dismissed without prejudice for lack of jurisdiction or, in the alternative, denied with prejudice on the merits.

It is **ORDERED** that all objections to this Recommendation must be filed **no later than September 13, 2024**.  An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings or recommendations.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.  No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  An appeal may be taken only as to an appealable order from the District Judge.

---

1-year sentence reduction under 18 U.S.C. § 3621(e) (*see id*. at p. 10).  Yet on the other hand, it is apparent that any argument for dismissal on ripeness grounds is no longer viable now that the January 15, 2022 full implementation date for the First Step Act has come and gone. *See, e.g., Stewart v. Snider*, No. 122CV00294MHHJHE, 2022 WL 2032305, *6 (N.D. Ala. May 10, 2022), *report and recommendation adopted,* No. 1:22-CV-294-MHH-JHE, 2022 WL 2019965 (N.D. Ala. June 6, 2022); Press Release, Jan. 15, 2020, Department of Justice Announces Enhancement to the Risk Assessment System and Update on First Step Act Implementation (available at www.justice.gov/opa/pr/departmentjustice-announces-enhancements-risk-assessment-system-and-updates-first-step-act) (last viewed Aug. 30, 2024).

**DONE** this the 30th day of August 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**